IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

ROBERT G. GIBBS
d/b/a A & C CONSTRUCTION

       Debtor

Case No.  05-32879

CATHERINE EVERHART
and KAREN SILVEY

       Plaintiffs

v.

ROBERT G. GIBBS

       Defendant

Adv. Proc. No.  05-3131

## MEMORANDUM ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**APPEARANCES**:   HODGES, DOUGHTY & CARSON, PLLC
        Keith L. Edmiston, Esq.
        Post Office Box 869
        Knoxville, Tennessee  37901-0869
        Attorneys for Plaintiffs

       GAIL F. WORTLEY, ESQ.
        3715 Powers Street
        Knoxville, Tennessee  37917
        Attorney for Defendant/Debtor

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Objecting to Discharge of the Debtor and to the Dischargeability of a Debt (Complaint) filed by the Plaintiffs, Catherine Everhart and Karen Silvey, on August 16, 2005, asking the court to deny the Debtor's discharge pursuant to 11 U.S.C.A. § 727(a)(2), (3), (4)(A), and/or (5) (West 2004).  In the alternative, the Plaintiffs ask the court to award them a judgment against the Debtor and to make a determination that the judgment is nondischargeable under 11 U.S.C.A. § 523(a)(2), (4), and/or (6) (West 2004).[1]  The Debtor filed an Answer on November 16, 2005.

On February 9, 2007, the court entered a Pretrial Order setting this adversary proceeding for trial with respect to the § 727 objection to discharge claims and deferring resolution of the § 523 dischargeability issues.[2]  The Pretrial Order set a deadline of March 31, 2007, for the filing of dispositive motions and shortened the response time for any dispositive motions to fourteen days from the date such motion was filed.

Presently before the court is the Motion of Plaintiffs for Summary Judgment (Motion for Summary Judgment) filed by the Plaintiffs on March 27, 2007, arguing that no genuine issues of material fact exist and that they are entitled to a judgment as a matter of law.  In support of the Motion for Summary Judgment, the Plaintiffs rely upon portions of the Debtor's deposition, taken on September 14, 2006.  Accompanying the Motion for Summary Judgment are the Statement of

---

[1] The Plaintiffs also seek attorneys' fees and costs as an administrative expense under 11 U.S.C.A. § 503(b)(3) and (4) (West 2004) if the objection to discharge proves successful.

[2] Per the Pretrial Order, the trial is consolidated with *Mark and Tisha Gann v. Robert G. Gibbs*, Adv. No. 05-3145.

2

Material Facts Not in Dispute in Support of Motion of Plaintiffs for Summary Judgment (Statement of Material Facts) and the Memorandum in Support of Motion of Plaintiffs for Summary Judgment.

On April 19, 2007, the Debtor filed a Response to Statement of Material Facts (Response), two exhibits, and the Memorandum of Law in Support of Opposition to Motion for Summary Judgment. The Response and corresponding memorandum of law were untimely filed, since the Pretrial Order directed that all responses be filed within fourteen days, which would have been April 10, 2007, in this case, and accordingly, they will not be considered.[3]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(J) (West 2006).

**I**

The Debtor filed the Voluntary Petition commencing his case under Chapter 7 on May 23, 2005, and the Complaint initiating this adversary proceeding was filed on August 16, 2005. In the Complaint, the Plaintiffs allege that they entered into a contract for the construction of a residence on April 22, 2004, that the Debtor took three separate draws totaling $98,000.00 from the Plaintiffs' construction funds between August 2004 and March 2005, but that the Debtor abandoned the project without completing it. The Complaint also alleges that the Debtor misrepresented and/or did not disclose material information in his statements and schedules, and that he has failed to account for assets, including a $29,000.00 withdrawal from his 401(K) in January 2005.

---

[3] On April 20, 2007, the Plaintiffs filed a Motion of Plaintiffs to Deem Facts Admitted, along with a memorandum of law in support thereof. In response, the Debtor filed his Response to Statement of Material Facts. Again, because these documents are not timely filed and/or are mooted by this Memorandum, the court will deny the Plaintiffs' Motion, and the Debtor's Response to Statement of Material Facts will not be considered.

II

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When considering a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The party seeking summary judgment bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the non-moving party to produce specific facts showing a genuine issue for trial, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986), by citing specific evidence and not merely relying upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Based upon the facts and record presented, the court finds that there are genuine issues of material fact, and the Plaintiffs are not entitled to judgment as a matter of law.

### III

Chapter 7 debtors receive a general discharge of all pre-petition debts under 11 U.S.C.A. § 727, unless one of ten express limitations exists.[4] Section 727 provides, in material part:

(a) The court shall grant the debtor a discharge, unless—

. . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

. . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowing and fraudulently, in or in connection with the case—

(A) made a false oath or account; [or]

. . . .

---

[4] Chapter 7 discharge relieves "honest but unfortunate" debtors of their debts and allows them a "fresh start" through this discharge. *Buckeye Retirement, LLC v. Heil (In re Heil),* 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S. Ct. 695, 699 (1934))).

5

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

11 U.S.C.A. § 727(a). These limitations furnish creditors with "a vehicle under which *abusive* debtor conduct can be dealt with by denial of discharge." *Blockman v. Becker (In re Becker)*, 74 B.R. 233, 236 (Bankr. E.D. Tenn. 1987) (quoting *Harman v. Brown (In re Brown)*, 56 B.R. 63, 66 (Bankr. D.N.H. 1985)). Section 727(a) is liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); *Barclays/Am. Bus. Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 393 (6th Cir. 1994); FED. R. BANKR. P. 4005.

Based upon the record before the court in support of the Motion for Summary Judgment, the court finds that there are genuine issues of material fact and insufficient evidence in the record to support a denial of discharge under any of the subsections pled by the Plaintiffs, including a lack of evidence concerning the Debtor's intent with respect to any actions that may or may not fall within the scope of § 727(a)(2)(A) and/or (4)(A). In order to grant summary judgment, the court must look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any[.]" FED. R. CIV. P. 56. The only proof outside of the pleadings submitted in support of the Motion for Summary Judgment is the Debtor's September 14, 2006 deposition, relied upon, in part, by the Plaintiffs in their Statement of Material Facts. These material facts, as set forth in the Statement of Material Facts, however, are not fully supported by the entirety of the September 2006 deposition, and are instead open to different interpretations and explanations. Moreover, the Plaintiffs make allegations with respect to omissions and/or misrepresentations in the Debtor's

statements and schedules; however, these documents are not in the record. Accordingly, the Plaintiffs have not met their burden of proof that the Debtor's discharge should be denied under § 727(a)(2)(A), (3), (4)(A), and/or (5).

Because the court finds that there are material issues of genuine fact, the Motion for Summary Judgment filed on March 27, 2007, shall be denied. An order consistent with this Memorandum will be entered.

FILED: April 24, 2007

                                                BY THE COURT

                                                /s/ RICHARD STAIR, JR.

                                                RICHARD STAIR, JR.
                                                UNITED STATES BANKRUPTCY JUDGE